Kenneth P. Childs
Childs Law Firm, LLC
1800 Blankenship Rd, Suite 200
West Linn, OR 97068-4174
kip@childslawfirm.org
971-339-4938

      Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AMERICAN REFINING AND BIOCHEMICAL, INC., a Pennsylvania corporation, | CASE NO. 3:20-cv-00208-YY |
| Plaintiff, | MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| vs. | |
| CYCLE POWER PARTNERS, LLC, a Delaware limited liability company, | |
| Defendants | |

Plaintiff, American Refining and Biochemical, Inc., moves for entry of a default judgment against defendant, Cycle Power Partners, LLC. This Motion is supported by the Declaration of Kenneth P. Childs (the "Childs Decl."). In support of this Motion and consistent with *Eitel v. McCool*, 782 F2d 1470 (9th Cir, 1986), plaintiff alleges as follows:

    1.    <u>Default Entered by Court Clerk</u>. Plaintiff commenced this lawsuit by filing a Complaint on February 7, 2020. Defendant failed to appear within the time allowed by law and a default was entered by the court clerk on March 9, 2020.

2. <u>Prejudice to Plaintiff</u>. Plaintiff is entitled to have its claims resolved expeditiously and consistent with the schedules and timelines set by the applicable Federal Rules of Civil Procedure. Plaintiff would be prejudiced if it was unable to obtain a judgment against defendant even though defendant is in default.

3. <u>Merits of Plaintiff's Substantive Claim</u>. Following the sale of a business, disputes arose between plaintiff and defendant relating to the sale and plaintiff and defendant resolved the disputes by entering into a Settlement Agreement and General Release (the "Settlement Agreement") (Exhibit A to Childs Decl.) by which defendant agreed to pay plaintiff $105,000 and the parties agreed to mutually release all claims against each other  Pursuant to the Settlement Agreement, defendant executed a Promissory Note (the "Note") (Exhibit B to Childs Decl.) for the amount due under the settlement  The only performance required by the Settlement Agreement was payment by defendant.   The Settlement Agreement did not call for any performance by plaintiff.  Since the Settlement Agreement contained a broad release of all claims, there can be no factual issues in dispute here.  Defendant has failed to pay according to the terms of the Settlement Agreement and Note and plaintiff is therefore entitled to a judgment.

4. <u>Sufficiency of Complaint</u>. The Complaint alleges all of the elements necessary for asserting claims for breach of contract and for an action on a promissory note, and it is sufficient to inform defendant of the factual basis of plaintiff's claims.

5. <u>Sum of Money at Stake</u>. Plaintiff's Complaint prays for damages of $105,000, plus interest at the rate of 12 percent per annum from December 9, 2015, plus plaintiff's costs and disbursements.

6. <u>Possibility of Dispute Concerning Material Facts</u>. In response to a demand letter that was sent to defendant before this lawsuit was filed, defendant sent a letter (Exhibit C to Childs Decl.) asserting what plaintiff understood to be various potential claims by defendant against plaintiff arising out of the sale of the business; however, in light of the mutual releases contained in the parties' settlement agreement, those claims would appear to have been released

7.     <u>Whether Default Was Due to Excusable Neglect</u>.  Plaintiff has not received any communication from defendant or any attorney representing defendant since the lawsuit was filed, and, therefore, plaintiff cannot say why defendant failed to appear.  However, plaintiff reasonably believes it is possible that defendant allowed a default to be entered, because it realized it had no defense to plaintiff's claims.

8.     <u>Strong Federal Policy Favoring Decisions on the Merits</u>.  Plaintiff is aware of the strong federal policy in favor of decisions on the merits and plaintiff has always been prepared to address its claims on their merits.  The only reason the claims are not being addressed on the merits is because defendant has stood by silently and failed to appear.

9.     <u>Jurisdiction</u>.  This Court has jurisdiction of this matter under 28 U.S.C. § 1332(a), because plaintiff is a Pennsylvania corporation with its principal place of business in Pennsylvania, defendant is a Delaware limited liability company with its principal place of business in Oregon, and the amount in controversy exceeds $75,000.  Venue in Oregon is proper, because defendant's principal place of business is in Oregon.

DATED: March 11, 2020.

CHILDS LAW FIRM, LLC


 _/s/ Kenneth P. Childs_____
Kenneth P. Childs, OSB No. 831690
Attorneys for Plaintiff