# PROMISSORY NOTE

$105,000.00                                                    Date of Issue: December 9, 2015

FOR VALUE RECEIVED, the undersigned CYCLE POWER PARTNES, LLC, a Delaware limited liability company ("Maker"), with a mailing address at:

> Cycle Power Partners, LLC
> Attn: Managing Partner
> 24 NW First Avenue, Suite 275
> Portland, OR 97209
> Phone: 503-281-6034
> Fax: 503-296-2551
> Email: peter@cyclepowerpartners.com

promises to pay to AMERICAN REFINING AND BIOCHEMICAL, INC., a Pennsylvania corporation with a mailing address of 100 Four Falls Corporate Center, Suite 215, West Conshohocken, PA 19428 ("Payee"), or at such other address as Payee may designate from time to time in writing, the principal sum of ONE HUNDRED AND FIVE THOUSAND AND NO CENTS Dollars ($105,000.00) ("the Principal Sum") lawful money of the United States of America, payable as hereinafter provided. This note (this "Note") is the promissory note of Maker referenced in section 2 of the Settlement Agreement and General Release effective as of December 9, 2015 (the "Settlement Agreement") between Maker and Payee, among others. Capitalized terms not otherwise defined herein shall have the meanings given them in the Settlement Agreement. This Note evidences the obligation of Maker to pay the Settlement Amount.

1. Interest; Payment Terms; Mandatory Prepayment.

(a) This Note shall bear interest on the outstanding principal balance at a fixed rate equal to twelve percent (12%) per annum.

(b) Principal and accrued interest shall be paid in t monthly installments of at least $10,000.00 each beginning on January 29, 2016 and continuing thereafter on each February 29, 2016, March 31, 2016, April 29, 2016 and May 31, 2016. All theretofore unpaid principal of, and interest on this Note, shall be dull in full on May 31, 2016   "Maturity Date"). Payments shall be applied **first** to interest **then** to principal.

(c) Maker shall have the right at any time to prepay all or any portion of the unpaid principal balance of this Note.

(d) Any prepayment, whether voluntary or involuntary, shall be applied to the principal installments due under this Note in the inverse order of their maturity.

2. <u>Events of Default.</u> The occurrence of any one or more of the following events shall constitute an "<u>Event of Default</u>" hereunder:

(a) Maker shall fail to make any payment due under this Note within ten (10) business days following the date the same shall become due and payable, whether at maturity or by acceleration or otherwise; or

(b) Maker shall apply for or consent to the appointment of a receiver, trustee or liquidator of itself or any of its property, make a general assignment for the benefit of creditors, be adjudicated a bankrupt, insolvent or file a voluntary petition in bankruptcy, or a petition or an answer seeking reorganization or an arrangement with creditors or to take advantage of any bankruptcy, reorganization, insolvency, readjustment of debt, dissolution or liquidation law or statute, or an answer admitting the material allegations of a petition filed against it in any proceeding under any such law, or if action shall be taken by the Maker for the purpose of effecting any of the foregoing; or any order, judgment or decree shall be entered by any court of competent jurisdiction, appointing a receiver, sequestrator, trustee or liquidator of the Maker or any of its property, and such order, judgment or decree shall continue unstayed and in effect for any period of sixty (60) consecutive days.

3. <u>Remedies.</u> Upon the occurrence of an Event of Default, the entire unpaid principal sum hereunder and all accrued interest shall, at the option of Payee, become due and payable immediately without presentment, demand, notice of nonpayment, protest, notice of protest or other notice of dishonor, all of which are hereby expressly waived by Maker. In addition to the foregoing, upon the occurrence of any Event of Default Payee may forthwith exercise singly, concurrently, successively or otherwise any and all rights and remedies available to Payee under this Note, or available to Payee by law, equity, statute or otherwise. Maker agrees to pay Payee on demand such amounts as are necessary to reimburse Payee in full for its costs (including reasonable attorneys' fees) for legal process or proceedings to secure, enforce or collect any and all sums due hereunder.

4. <u>Miscellaneous.</u>

(a) The failure by Payee to exercise or delay in exercising any right or remedy hereunder, or the failure to insist upon strict performance of any term of this Note shall not be construed as a waiver or release of the same, or of any event of default thereunder, or of any obligation or liability of Maker hereunder.

(b) Maker hereby waives presentment, demand, notice of nonpayment, protest, notice of protest or other notice of dishonor, and any and all other notices in connection with any default in the payment of, or any enforcement of the payment of, all amounts due under this Note. To the extent permitted by law, Maker waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. Maker further waives and releases all procedural errors, defects and imperfections in any proceedings instituted by Payee under the terms hereof.

(c) Maker agrees that Payee may release, compromise, forbear with respect to, waive, suspend, extend or renew any of the terms of this Note (and Maker hereby waives any notice of

any of the foregoing), and that the same may be amended, supplemented or modified by Payee and the other signatory parties, and any action taken by Payee pursuant to the foregoing shall in no way be construed as a waiver or release of any right or remedy of Payee, or of any Event of Default, or of any liability or obligation of the Maker, under this Note.

5. Severability. If for any reason one or more of the provisions of this Note or their application to any Person or circumstance shall be held to be invalid, illegal or unenforceable in any respect or to any extent, such provisions shall nevertheless remain valid, legal and enforceable in all such other respects and to such extent as may be permissible. In addition, any such invalidity, illegality or unenforceability shall not affect any other provisions of this Note, but this Note shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

6. Successors and Assigns. This Note inures to the benefit of Payee and binds Maker, and their respective heirs, personal representatives, successors and assigns, and the words "Payee" and "Maker" whenever occurring herein shall be deemed and construed to include such respective heirs, personal representatives, successors and assigns, as applicable. Notwithstanding the foregoing, Payee shall not be entitled to assign its rights hereunder without the consent of Maker, which consent may be withheld in Maker's absolute discretion.

7. Notices. All notices required to be given to any of the parties hereunder shall be deemed to have been sufficiently given for all purposes when delivered in accordance with the notice provisions of the Agreement.

8. Captions. The captions or headings of the paragraphs in this Note are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Note.

9. Governing Law. This Note shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to its rules of conflict of laws.

IN WITNESS WHEREOF, Maker has executed this Promissory Note on the Issuance Date first above written.

CYCLE POWER PARTNERS, LLC

By: _____
Joseph C. Lerner
Managing Partner